IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Campbell,<br>*a/k/a Robert Bernard Campbell*,<br><br>Petitioner,<br><br>v.<br><br>Warden of Lieber Correctional Institution,<br><br>Respondent. | C/A No. 0:10-671-JFA-PJG<br><br>**REPORT AND RECOMMENDATION** |

The petitioner, Robert Campbell ("Campbell"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (ECF No. 32.) Campbell filed a response in opposition to the respondent's motion. (ECF No. 34.) In addition, Campbell has filed a myriad of motions that, among other things, request the court to obtain and use DNA evidence to prove his innocence. (ECF Nos. 10, 11, 12, 14, 22, 28, 37, 39.) Having carefully considered the parties' submissions and the record in this case, the court finds that Campbell's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Campbell was indicted in January 1986 in Greenville County for two counts of burglary (86-GS-23-0125, -0126), attempted armed robbery (86-GS-23-0127), two counts of armed robbery (86-GS-23-0128, -0129), two counts of aggravated assault and battery (86-GS-23-0130, -0131), two counts of first-degree criminal sexual conduct ("CSC") (86-GS-23-0132, -0133), housebreaking (86-

GS-23-0134), strong armed robbery (86-GS-23-0135), and burglary and grand larceny (86-GS-23-0136). (App. 25-66, ECF No. 31-1 at 26 through ECF No. 31-5 at 7.) Campbell was represented by Billy Long, Esquire, and on February 28, 1986 pled guilty to two counts of burglary, attempted armed robbery, two counts of armed robbery, one count of first-degree CSC, and housebreaking.[1] (See Resp't Mem. Supp. Summ. J. 2, ECF No. 31 at 2.) The circuit court sentenced Campbell to life imprisonment on each count of burglary, ten years' imprisonment for attempted armed robbery, twenty-five years' imprisonment for each count of armed robbery, thirty years' imprisonment for first-degree CSC, and ten years' imprisonment for housebreaking. (Id.) Campbell did not file a direct appeal.

On February 25, 1999, Campbell filed a *pro se* application for post-conviction relief ("1999 PCR Action"). (Campbell v. State of South Carolina, 99-CP-23-982, App. 1-5, ECF No. 31-1 at 3-7.) The State filed a return and motion to dismiss. (App. 6-10, ECF No. 31-1 at 8-12.) On August 10, 1999, the court issued a conditional order of dismissal. No final order was entered from the conditional order of dismissal, and on December 19, 2001, the PCR court held an evidentiary hearing at which Campbell was present and was represented by Symmes Culbertson, Esquire. (Hr'g Tr., App. 11-21, ECF No. 31-1 at 13-23.) In an order filed February 18, 2002, the PCR judge denied and dismissed with prejudice Campbell's PCR application as untimely under the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (App. 22-24, ECF No. 31-1 at 24-26.)

---

[1] The court notes that the record does not contain a copy of the February 28, 1986 plea transcript because it was not available from that time period. (See Resp't Mem. Supp. Summ. J. at 2 n.1, ECF No. 31 at 2.)

Campbell appealed and was represented by Assistant Appellate Defender Eleanor Duffy Cleary, Esquire, who filed a Johnson[2] Petition for Writ of Certiorari on Campbell's behalf. (ECF No. 31-7.) In an order dated June 12, 2003, the South Carolina Supreme Court denied Campbell's petition for a writ of certiorari. (ECF No. 31-8.) The remittitur was issued June 30, 2003. (ECF No. 31-9.)

Campbell filed a second PCR application on November 11, 2008 ("2008 PCR Action"). (Campbell v. State of South Carolina, 08-CP-23-8452, ECF No. 31-10.) The State filed a return and motion to dismiss. (ECF No. 31-11 at 1-8.) On July 29, 2009, the court issued a conditional order of dismissal in which it found Campbell's second PCR application to be untimely under the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a), successive to his prior PCR application, and barred by the doctrine of laches. (ECF No. 31-12.) Campbell responded to the conditional order. (ECF Nos. 31-13, 31-14, & 31-15.) A final order of dismissal was issued on April 19, 2010. (ECF No. 31-16.)

Campbell filed documents in response to the court's final order, which the court interpreted as a motion to alter or amend the final order pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. (See Order, June 1, 2010, ECF No. 31-18 at 2.) Campbell's motions were dismissed by order filed June 1, 2010.[3] (Id.)

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

[3] The respondent asserts that as of the date he filed his return and motion for summary judgment, he had not been served with an appeal of this order. (See Resp't Mem. Supp. Summ. J. at 6, ECF No. 31 at 6.)

# FEDERAL HABEAS ISSUES

Campbell filed the instant Petition for a writ of habeas corpus on March 11, 2010. (ECF No. 1.) In his Petition, Campbell raises the following issues:

> **Ground One**: Criminal sexual conduct, and the rest of that charge dated May 26, 1985.
> **Supporting Facts**: I was out on bond when the Greenville Co. police come and lock me back up. And two 2 days later, they took me to a office room and ask me question about this crime, rape. And I told them I did not no nothing about it. And the victim was there all so. And they made me stand up and turn around. And they took from me hairs off my body and made me spit in a cup with my name on it and got my finger prints again. Plus, the victim and some other people with her. They all stated to the detective. That's no him.
>
> **Ground Two**:
> **Supporting Facts**: I requested a D.N.A. testing be done on me and any crimes that hold on me. Specific facts are when this D.N.A. test is done on me. I am sure that a lot of theses charges on me will be drop. I am not guilty of this crime.
>
> **Ground Three**: On Files Case # 1999-CP-23-982 Court lacked jurisdiction on indictments and in warrants.
> **Supporting Facts**: This evidence was not brought you at the Dec. 19, 2001 hearing in which I felt that if the court would have seen this. The Judge would have gave me a chance to explain my behalf.

(Pet., ECF No. 1) (errors in original).

# DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Statute of Limitations**

The respondent argues that Campbell's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Because Campbell was convicted before the effective date of the AEDPA—April 24, 1996—Campbell had one year from the effective date of the AEDPA in which to file his federal habeas petition. See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Accordingly, the limitations period began to run on April 25, 1996 and expired on April 24, 1997,

unless the period was at any time tolled for any properly filed state PCR application. Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); see 28 U.S.C. § 2244(d)(2).

Campbell filed his first state PCR application on February 25, 1999; however, this application was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). Moreover, even if it had been filed before the expiration of the deadline, it would not toll the statute of limitations because the PCR court dismissed it as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

Campbell's second PCR application was filed November 11, 2008. This application also was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A) and would not have tolled the statute of limitations in any event because the PCR court dismissed it as untimely, successive, and barred by the doctrine of laches. See Pace, 544 U.S. 408. Therefore, Campbell's statutory deadline expired on April 24, 1997.

Campbell's federal Petition was filed on March 11, 2010. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, Campbell filed his federal habeas Petition over twelve and a half years after the expiration of the one-year limitations period under § 2244(d)(1)(A).

## C. Campbell's Arguments

In several of his filings, Campbell appears to address the issue of the timeliness of his Petition and to argue that he is entitled to equitable tolling in that he has been diligently pursuing his rights. (ECF Nos. 10, 21, 34, & 37.) Additionally, Campbell argues that he had no knowledge of the statute of limitations and that, upon learning of it, filed his 1999 PCR application within one year. (Id.) To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Campbell must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418 (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

The court finds that the facts and circumstances in this case do not constitute the type of extraordinary circumstances justifying equitable tolling. Both of Campbell's PCR applications were dismissed as untimely filed. Campbell argues that he had no knowledge of the law and that his attorney failed to inform him of the statute of limitations deadline. Additionally, Campbell argues

that, after he learned of the existence of the statue of limitations deadline from a fellow inmate, he filed his 1999 PCR application within a year. He further argues that the PCR court erred in denying him a belated direct appeal. Notably, Campbell's statute of limitations arguments all appear to pertain to the *state* statutory deadline governing PCR applications and do not address the *federal* statutory deadline set forth in 28 U.S.C. § 2244(d)(1) for habeas petitions. To the extent that Campbell argues that he is entitled to equitable tolling based on his assertion that the state court misapplied state law in determining that his PCR applications were untimely, such a claim is unavailing. In applying equitable tolling, a court must inquire whether it "may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law." Holland, 130 S. Ct. at 2563 (emphasis in original). Additionally, lack of knowledge of the law and attorney error are generally not considered extraordinary circumstances that justify equitable tolling. See id. at 2564 (holding that although extraordinary cases of serious misconduct by an attorney may constitute grounds for equitable tolling, a " 'garden variety claim' of attorney negligence" does not warrant tolling); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original); see also Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (stating that attorney error does not "warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel"); Cross-Bey

v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources).

Additionally, to the extent that Campbell alleges that he is entitled to equitable tolling based on his assertion that he is actually innocent, the court finds this argument without merit.[4] Even assuming such a claim could warrant equitable tolling, in order to raise actual innocence, the petitioner must demonstrate that no reasonable juror would convict him in light of new evidence not presented at trial. Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)). Here, Campbell has not presented any new evidence. Rather, Campbell seeks for this court to order DNA testing which he believes would provide proof that he is actually innocent. Campbell's claims are speculative and, without more, are insufficient to demonstrate actual innocence.[5]

Moreover, as stated above, Campbell's first state PCR was filed February 25, 1999—over twelve years after the date of his guilty plea. He did not seek any further judicial relief until over three years after the conclusion of his 1999 PCR appeal. Therefore, under the facts of this case, Campbell cannot demonstrate that he has been pursuing his case diligently. See Holland, 130 S. Ct. at 2563 (stating that equitable powers must be exercised on a case-by-case basis and must be flexible to meet the new situations that demand equitable intervention); Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."); Pace, 544

---

[4] Neither the United States Supreme Court nor the Fourth Circuit have addressed whether actual innocence is a ground that would warrant equitable tolling. The circuits that have addressed this issue are not in agreement. Compare Souter v. Jones, 395 F.3d 577 (6th Cir. 2005) and Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004) and Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) and Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) with David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003).

[5] This conclusion is further supported by the fact that Campbell pled guilty to the charges as discussed above.

U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court).

## RECOMMENDATION

Based upon the foregoing, the court finds that Campbell's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 30) be granted. In light of the court's recommendation, all remaining motions (ECF Nos. 10, 11, 12, 14, 22, 28, 37, & 39) should be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 20, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).