UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Robert Campbell, | ) | C/A No. 0:10-671-JFA-PJG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| Warden, Lieber Correctional Institution, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Robert Campbell, is an inmate at the South Carolina Department of Corrections serving a term of incarceration of life plus upon his state convictions for burglary, armed robbery, assault and battery, criminal sexual conduct and other charges. He has filed a petition pursuant to 28 U.S.C. § 2254 alleging that he is being held in custody in violation of the United States Constitution.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted because the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on August 23, 2010. Petitioner filed timely objections to the Report after being granted an extension within which to do so.

The Magistrate Judge concurs with the respondent's contention that the petitioner's claim is barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (AEDPA). Because Petitioner was convicted before the effective date of the AEDPA, he had one year from the effective date of the AEDPA (April 24, 1996) in which to file his federal habeas petition, that is April 24, 1997. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). In addition, the Magistrate finds no showing by the petitioner that would entitle him to equitable tolling under 28 U.S.C. § 2244(d)(1).

The petitioner's conviction became final ten days after Friday, February 28, 1986, since this was the last date on which he could serve a notice of appeal to the state supreme court.[3] Thus, his convictions became final on March 10, 1986 and he had until one year after the effective date of the AEDPA (April 24, 1997) to file his § 2254 petition, absent any tolling for a properly filed state PCR application. 28 U.S.C. § 2244(d)(2); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438–39 (4th Cir. 2000). Petitioner did not file a direct appeal of his conviction.

The petitioner filed his first state PCR action on February 25, 1999. As the respondent

---

[3] Because petitioner did not seek certiorari review from the South Carolina Supreme Court, he is not entitled to an additional tolled time of 90 days in which to seek certiorari review from the United States Supreme Court. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

notes in his motion for summary judgment, this was more than two years after the effective date of the AEDPA (April 24, 1996). Moreover, petitioner's 1999 PCR Application was not properly filed as is required. *See Artuz v. Bennett*, 531 U.S. 4 (2000). The Magistrate Judge suggests that no equitable tolling can be applied to the petitioner. The PCR Court dismissed the first PCR application as untimely. Thus, even it had been filed before the expiration of the deadline, no statutory tolling is available to the petitioner. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Petitioner filed a second PCR on November 11, 2008. Again, the PCR Court dismissed it on April 19, 2010 as untimely, successive, and barred by the doctrine of laches. *See Pace*, 544 U.S. 408.

The instant § 2254 petition was filed in this court on March 11, 2010, more than twelve and one-half years after the expiration of the one-year limitations period under § 2244(d)(1)(A).

In opposing the respondent's motion for summary judgment, the petitioner argues that the statute of limitations should be equitably tolled because he has been diligently pursuing his rights. While § 2244(d) is subject to the principles of equitable tolling, the petitioner must show that (1) he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from doing so. *Pace*, 544 U.S. at 418; see also *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003); and *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004).

The Magistrate Judge opines that the petitioner cannot support extraordinary circumstances to justify equitable tolling, nor can he advance his claim of actual innocence

3

or demonstrate that he has been pursuing his case diligently.

In his objections to the Report, petitioner continues his complaint that he was not allowed to present new evidence to the PCR court which supposedly would have shown that he was actually innocent of the charges to which he pled guilty in 1986.

The court cannot find extraordinary circumstances in this case that would allow the petitioner to evade the one-year statute of limitations rule. His objections are therefore overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates it herein by reference.

Accordingly, respondent's motion for summary judgment is granted and petitioner's remaining pending motions are denied. The court declines to grant a certificate of appealability in this matter.[4]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 18, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[4] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).